Sandi M. Colabianchi (SBN 193872)
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: scolabianchi@fennemorelaw.com

Attorneys for Fred Hjelmeset,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SUONG THAO PHUNG,<br><br>               Debtor. | Case No. 23-50851 MEH<br><br>Chapter 7<br><br>**MOTION BY TRUSTEE FOR AUTHORITY TO SELL REAL LOCATED AT 1771 IRONWOOD LANE, MILPITAS, CA TO THE DEBTOR, FREE AND CLEAR OF THE LIENS OF VIET HOAI LE AND DORIS KAELIN, TRUSTEE, SUBJECT TO OVERBID; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(No Hearing Required Unless Objection Filed) |

**TO: VIET HOAI LE, DORIS KAELIN, TRUSTEE OF THE ESTATE OF ANNIE KIM LE; TRUIST BANK, MARTIN M. EISENBERG, TRUSTEE OF THE RONALD LINDGREN TRUST U/T/A DATED 1/29/2008, MARTIN M. EISENBERG AND DARCIE ELLYNE, CO-TRUSTEES OF THE EISENBERG-ELLYNE FAMILY TRUST, U/T/A DATED JULY 7, 2020; AND AMY WAI FAN CHONG, AS TRUSTEE OF THE AMY WAI FAN CHONG TRUST, U.D.T. 01/20/2019, DEBTOR, U.S. TRUSTEE, ALL CREDITORS AND PARTIES IN INTEREST**

Fred Hjelmeset, Chapter 7 Trustee ("Trustee") of the estate of Suong Thao Phung ("Debtor") moves for authority to sell the estate's right, title and interest in the real property located at 1771 Ironwood Lane, Milpitas, CA 95122 ("Property") to the Debtor, Suong Thao Phung, for the purchase price of $30,000.00 ("Purchase Price"), free and clear of the liens of Viet Hoai Le and Doris Kaelin, Trustee of the Estate of Annie Kim Le. The sale is of the estate's

Case: 23-50851   Doc# 148   Filed: 03/01/24   Entered: 03/01/24 10:15:06   Page 1 of 6
45759243.1/064812.0001

equity interest in the Property and the Property will remain subject to all liens recorded against the Property, with the exception of the judgment liens recorded by Viet Hoai Le and Doris Kaelin, Trustee of the Estate of Annie Kim Le. The sale is subject to overbid. A summary of the terms of the Agreement and the overbid are set forth below and in the Notice.

### *Background*

1. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 1, 2023 ("Petition Date"), and Fred Hjelmeset was thereafter appointed as Chapter 7 Trustee.

2. Debtor purchased the Property in June 2018.

3. On or about March 21, 2022, Debtor executed a grant deed transferring the Property to PN & Associates LLC. On the Petition Date, Debtor was the sole member and manager of PN & Associates LLC.

4. In September 2023, Trustee filed an action to avoid the transfer of the Property to PN & Associates by the Debtor as a fraudulent transfer. Debtor stipulated to the avoidance of the transfer as a constructively fraudulent transfer and recovery of the property by the Trustee, and an order was entered approving the stipulation on September 29, 2021 (Dkt. No. 40).

5. The following deeds of trust are recorded against the Property:

a) Perl Mortgage, Inc. recorded a deed of trust as instrument no. 23992095 on July 27, 2018 in the amount of $679,650.00, and currently held by Truist Bank and estimated to have a balance through March 2024 in the amount of $731,625;

c) Martin M. Eisenberg, Trustee of the Ronald Lindgren Trust U/T/A dated 1/29/2008, Martin M. Eisenberg and Darcie Ellyne, co-trustees of the Eisenberg-Ellyne Family Trust, U/T/A dated July 7, 2020; and Amy Wai Fan Chong, as Trustee of the Amy Wai Fan Chong Trust, U.D.T. 01/20/2019, and estimated to have a balance through March 2024 in the amount of $498,495.

In addition, there is an unsecured property tax lien for $199.10 recorded against the Property.

6. After the transfer of the Property to PN & Associates LLC, the following judgments were recorded with the Santa Clara County Recorder:

a) Judgment in favor of Doris Kaelin, Trustee against Tra My Nguyen, recorded on November 9, 2022 as inst. no. 25398294 in the amount of $208,000;

b) Judgment in favor of Doris Kaelin, Trustee against Suong Phung recorded on November 15, 2022 as inst. no. 25400629 in the amount of $122,000;

45759243.1/064812.0001

c) Judgment in favor of Doris Kaelin, Trustee against Suong Phung recorded on November 2, 2022 as inst. no. 25401871 in the amount of $122,350 (Judgments in favor of Doris Kaelin, Trustee in a), b) and c) to be referred to as the "Kaelin Judgments");

d) Judgment in favor of Viet Hoai Le against Suong Phung, and others, recorded on June 28, 2023 as inst. no. 25494436 in the amount of $1,563,800 ("Le Judgment").

7. The Kaelin Judgments and Le Judgment are listed in the preliminary title report obtained by the Trustee for the Property, although title was not held in the name of the defendants in the judgments from the time of the recording of the judgments through the Petition Date.

8. The Property was a rental property that was rented by a friend of the Debtor, Tramy Nguyen, who the Trustee understands occupies the Property along with other family members. The sale is subject to any interest that Ms. Nguyen may have in the Property in connection with the lease.

*Agreement*

9. Debtor has agreed to purchase of the estate's right, title and interest in and to the Property by the Debtor or her assigns for the total purchase price of $30,000.00 ("Purchase Price"), subject to overbid and the following terms:

1) The Purchase Price is to be paid to the Trustee by the Debtor in three monthly installments of $10,000 by February 15, 2024, $10,000 by March 15, 2024, and $10,000 by April 15, 2024;
2) The Property will not transfer to the Debtor until the full Purchase Price is received and the entry of a Final Order;
3) Debtor shall maintain the insurance and utilities on the Property and will provide proof of insurance upon request by the Trustee until the full Purchase Price is received and the entry of a Final Order;
4) The sale is subject to overbid;
5) Trustee is only selling the equity interest of the estate in the Property to the Debtor and the Property will remain subject to all liens or other claims against the Property, with the exception of the Kaelin Judgments and the Le Judgment, which will either be avoided prior to the entry of an order authorizing the sale or the order authorizing the sale will provide that the sale is free and clear of the Kaelin Judgments and the Le Judgment;
8) Debtor will be responsible for any title insurance or other costs relating to the sale;
9) The sale shall be on an **"AS-IS WHERE-IS BASIS"** and the Trustee makes no representations or warranties concerning the Property;
10) The Purchase Price shall not be subject to any claim of exemption.

10. The Trustee obtained an estimate of the value of the Property from the Trustee's

45759243.1/064812.0001

broker, Andy Buchanan of Intero Real Estate. The offer from the Debtor, together with the liens of Truist Bank and the Kalam Trust, which will remain against the Property, and accounting for hypothetical costs of sale, is at the high end of the estimated value.  The Property is currently occupied and the lease is to a friend, so the value is harder to establish since there are generally less buyers that are interested in purchasing a home with a tenant. Since the offer from the Debtor is at the high end of the broker's estimated value, the sale is subject to overbid, and given the difficulties that may arise in finding a buyer for a rented property, the Trustee believes that the proposed sale to the Debtor is in the best interest of the estate.

11.	Trustee requests that the sale order provide that, in the event the Debtor (or a successful overbidder) does not timely close the transaction, the Trustee will be authorized to sell the Property under substantially the same terms and conditions and at the same or a higher price to an alternative purchaser without the need of further notice to creditors or a further order of the Bankruptcy Court.

12.	Trustee requests that the order approving the sale of the Property include the following provision:  "This order is effective upon entry and the stay imposed by Bankruptcy Rule 6004(h) shall not apply."

13.	The sale of the Property is subject to overbid upon the terms set forth in the Notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Trustee requests authority under section 363(b) of the Bankruptcy Code to sell the Property to the Debtor, or a successful overbidder, and to sell the Property free and clear of certain liens under section 363(f) as described further below.  Section 363(b) provides that a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  The Notice of the sale is being provided to all creditors and parties in interest as required under Bankruptcy Rule 2002 and 6004.  The lienholders are being served with a complete set of the moving papers.

The Trustee believes that the proposed sale to the Debtor is in the best interest of the estate since the offer from the Debtor is at the high end of the broker's estimated value, the sale is subject to overbid, and given the difficulties that may arise in finding a buyer for a rented

45759243.1/064812.0001

property, there is a possibility that the high end of the estimated value would not be realized.

**Sale Free and Clear of Kaelin Judgments.** The Kaelin Judgments were entered against the Debtor and Tra My Nguyen, neither of whom held title to the Property from the time of the recording of the judgments through the Petition Date. The Trustee and the trustee of the Annie Le estate have reached an agreement relating to the Kaelin Judgments which is subject to approval in each of the cases. The trustee of the Annie Le estate consents to the sale with the lien to reattach to the proceeds to the same extent and validity. The Trustee seeks authority to sell the Property free and clear of the Kaelin Judgments pursuant to Bankruptcy Code section 363(f)(2).

**Sale Free and Clear of Le Judgment.** The Le Judgment was recorded against the Property, but Hope 2301 LLC was not a defendant and the Debtor did not hold title to the Property from the time of the recording of the judgment through the Petition Date. Further, the Le Judgment should not have created a lien in the Property since the Debtor did not hold title and no Abstract of Judgment was recorded as required by CCP 697.310. As such, the Trustee seeks authority to sell the Property free and clear of the Le Judgment as a lien in bona fide dispute pursuant to Bankruptcy Code section 363(f)(4).

The Le Judgment is also in bona fide dispute pursuant to Bankruptcy Code section 363(f)(4) since the judgment was recorded within 90 days of the Petition Date and is avoidable as a preference under section 547 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter an order:

1. Granting this Motion;

2. Authorizing the Trustee to sell the estate's right, title and interest in the Property to the Debtor, or a successful overbidder;

3. Authorizing the Trustee to sell the Property free and clear of the Kaelin Judgments;

4. Authorizing the Trustee to sell the Property free and clear of the Le Judgment;

5. Providing that this Court retains jurisdiction to resolve any controversy or claim arising out of the sale;

6. Authorizing the Trustee to take whatever actions are necessary to consummate the sale, including the execution of documents;

45759243.1/064812.0001

7.  Providing that the order on this motion is effective upon entry, and the fourteen-day stay otherwise imposed by Bankruptcy Rule 6004(h), shall not apply, in order that the transactions described herein can be closed prior to the expiration of such fourteen (14) day period;

8.  For such other and further relief as the Court deems appropriate.

DATED:  March 1, 2024                    FENNEMORE WENDEL

By:  /s/ Sandi M. Colabianchi
     Sandi M. Colabianchi
     Attorneys for Fred Hjelmeset, Trustee

45759243.1/064812.0001