**Entered on Docket**
**March 28, 2024**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



Sandi M. Colabianchi (SBN 193872)
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: scolabianchi@fennemorelaw.com

Attorneys for Fred Hjelmeset, Trustee

The following constitutes the order of the Court.
Signed: March 27, 2024

*M. Elaine Hammond*

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 23-50851 MEH |
| SUONG THAO PHUNG, | Chapter 7 |
| Debtor. | **ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY LOCATED AT 1771 IRONWOOD LANE, MILPITAS, CA TO THE DEBTOR, FREE AND CLEAR OF THE LIENS OF VIET HOAI LE AND DORIS KAELIN, TRUSTEE** |

The Court, having reviewed the Motion by Trustee for Authority to Sell Real Property Located at 1771 Ironwood Lane, Milpitas, CA to the Debtor, Free and Clear of the Liens of Viet Hoai Le and Doris Kaelin, Trustee ("Motion") filed by Fred Hjelmeset, Chapter 7 Trustee ("Trustee") of the estate of Suong Thao Phung, and all related pleadings,

THE COURT FINDS THAT:

A.      Notice of the Motion was proper and adequate.

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.      The notice of the Motion is approved as proper and adequate under the circumstances.

2.      The Motion is granted and the sale to debtor Suong Thao Phung ("Buyer") is approved as the highest and best offer.

3.      The Trustee is authorized to sell the real property located 1771 Ironwood Lane,

Milpitas, CA ("Property") to Buyer for the purchase price of $30,000.00, and in accordance with the terms and conditions that are set forth in the Purchase Agreement which is attached to the declaration in support of the Motion.

4. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Property will vest in the Buyer all right, title and interest of the Trustee and the bankruptcy estate in the Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

a) Judgment in favor of Doris Kaelin, Trustee against Tra My Nguyen, recorded on November 9, 2022 as instrument no. 25398294 in the amount of $208,000;

b) Judgment in favor of Doris Kaelin, Trustee against Suong Phung recorded on November 15, 2022 as instrument no. 25400629 in the amount of $122,000;

c) Judgment in favor of Doris Kaelin, Trustee against Suong Phung recorded on November 2, 2022 as instrument no. 25401871 in the amount of $122,350 (Judgments in favor of Doris Kaelin, Trustee in a), b) and c) are referred to as the "Kaelin Judgments");

d) Judgment in favor of Viet Hoai Le against Suong Phung, and others, recorded on June 28, 2023 as instrument no. 25494436 in the amount of $1,563,800 ("Le Judgment").

5. While the sale is free and clear of the Kaelin Judgments, the trustees of the Chapter 7 estates of Phung and In re Annie Kim Le, Case No. 21-50179 SLJ have reached an agreement on the Kaelin Judgments, which agreement is the subject of notices in both estates.

6. Unless the holders of the liens, claims or interests identified in paragraph 4 above have agreed to other treatment, their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Property.

8. The sale is of the estate's equity interest in the Property and the Property will remain subject to all liens recorded against the Property, with the exception of the Affected Interests.

9. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale.

10. The Trustee is authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

11. The Trustee is authorized to pay recording fees and transfer taxes, if necessary, to complete the transfer of the Property.

12. Except as otherwise provided in the Motion, the Property shall be sold, transferred, and delivered to Buyer on an "**AS IS WHERE IS**" or "**WITH ALL FAULTS**" basis.

13. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Bankruptcy Rule 6004(h), applies with respect to this Order.

14. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to the Buyer, (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

15. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

16. In the event the Buyer does not timely close the transaction, the Trustee will be authorized to sell the Property under substantially the same terms and conditions and at the same

or a higher price to an alternative purchaser without the need of further notice to creditors or a further order of the Bankruptcy Court.

**END OF ORDER**

**COURT SERVICE LIST**

No parties are required to be served.